SCHEANWALD, APPELLANT, *v.* THE ECONOMY SAVINGS & LOAN
CO., APPELLEE.

(No. 5309—Decided July 18, 1960.)

*Messrs. Harris & Sell* and *Mr. John W. Murphy,* for appellant.

*Messrs. Eastman, Stichter & Smith,* for appellee.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered on the pleadings and opening statements of counsel.

The appellant will be referred to herein as the plaintiff, and the appellee will be referred to as the defendant, as the parties appeared in the trial court.

Plaintiff's petition contains two causes of action.

In the first cause of action, the pertinent facts are that the defendant is an Ohio corporation with offices in the city of Toledo, Ohio; that on or about December 5, 1955, plaintiff placed an order with the Hollington Equipment Company for a 1956 DeSoto automobile, for which plaintiff agreed to pay the equipment company the sum of $4,580; and that delivery of the automobile was made to plaintiff on or about January 16, 1956, at which time plaintiff paid the equipment company the sum of $4,580, the sum being paid as follows: Used DeSoto automobile, $2,900, $1,500 representing payment made by The Ohio Citizens Trust Company on account of a loan to plaintiff on a chattel

mortgage covering the new automobile, and $180 by check from plaintiff.

Plaintiff alleges further that on January 16, 1956, the Hollington Equipment Company agreed to assign the manufacturer's statement of origin to plaintiff and deliver the same to The Ohio Citizens Trust Company for noting the chattel mortgage representing the $1,500 loan made to plaintiff; that the Hollington company agreed to secure certificate of title from clerk of courts of Lucas County in the name of plaintiff within the "next" few days; that the Hollington company failed to deliver a certificate of title to plaintiff or to the Ohio Citizens Company; that on January 21, 1956, plaintiff made demand upon the Hollington company that it deliver a certificate of title to plaintiff; and that on or about January 21, 1956, by action on the part of the defendant, the Hollington company was placed in the hands of a receiver.

Plaintiff alleges further in the first cause of action, as follows:

"That thereafter the defendant made demand upon this plaintiff that she turn over to defendant the 1956 DeSoto car delivered to her by Hollington Equipment on January 16, 1956, under a claim that defendant was the owner of said automobile. That upon this plaintiff's refusal to turn over said automobile the defendant, The Economy Savings & Loan Company filed its petition on the 18th day of March, 1956, in the Common Pleas Court of Lucas County, Ohio, cause No. 181281 against this plaintiff which petition under positive oath alleged that The Economy Savings & Loan Company was the owner of said 1956 DeSoto automobile and that this plaintiff was wrongfully withholding the same from the said The Economy Savings & Loan Company.

"7. That between the 18th day of March, 1956, and up to and including the 23rd day of May, 1956, the defendant, The Economy Savings & Loan Company through its agents held out to the plaintiff that it was the owner of said automobile and that it would repossess said car unless this plaintiff paid to them the sum of $3,141.50 in cash.

"8. Plaintiff further says that in reliance upon the statement made under positive oath that defendant was the owner of

said automobile contained in its petition filed in this court in cause number 181281 on March 18th, 1956, and in reliance upon the statements made to this plaintiff by defendant that it was the owner of such car she did, on or about the 23rd day of May, 1956, pay into the hands of the said defendant the sum of $3,141.50 in cash and the said defendant after such payment delivered to her a certain manufacturer's certificate of origin dated January 12, 1956, issued by The Chrysler Manufacturing Company, the manufacturer of said DeSoto automobile delivered to her on January 16, 1956, by Hollington Equipment, to Hollington Equipment and by Hollington Equipment duly assigned to this plaintiff.

"9. Plaintiff further says that at no time between the 16th day of January, 1956, and the 23rd day of May, 1956, was the defendant the owner of said automobile purchased by plaintiff from Hollington Equipment, and that the holding out to this plaintiff that defendant was the owner of said car for the purpose of inducing her to pay to defendant the sum of $3,141.50 was false and fraudulent holding out and made solely for the purpose of inducing plaintiff to pay defendant the said $3,141.50 under the pretense that defendant was such owner, when in truth and in fact it was not during such time and never had been the owner of said automobile.

"10. Plaintiff further says that by reason of the obtaining from her of the said sum of $3,141.50 by the defendant under the said false and fraudulent pretenses she has been injured in the sum of $3,141.50 with interest from the 23rd day of May, 1956."

In the second cause of action, plaintiff incorporates all the allegations of the first cause of action by reference to same, as if fully restated therein, and alleges that the retention by the defendant of the $3,141.50 is unconscionable, and that the defendant has been unjustly enriched by such sum.

Plaintiff alleges further "that said sum of $3,141.50 was paid over to the defendant on the positive holding out to plaintiff that defendant was the owner of said automobile and that defendant would upon receipt of said $3,141.50 assign its ownership of said automobile to plaintiff, and that defendant at such time and prior knew that it was not then nor ever had been the owner of said car."

Plaintiff prays for judgment against the defendant in the sum of $3,141.50 with interest from May 23, 1956.

In its answer the defendant alleges that "for want of information concerning the transaction" it denies that plaintiff purchased and paid for a DeSoto automobile from the Hollington Equipment Company. Defendant alleges that it is informed and believes that the husband of the plaintiff, Merrill Scheanwald, was the person who negotiated with Richard Hollington or the Hollington Equipment Company for the 1956 DeSoto automobile and not the plaintiff and denies that such transaction gave rise to any right, title or interest in the plaintiff.

Defendant says that prior to March 18, 1956, Richard P. Hollington, doing business as Hollington Equipment Company, "borrowed from this defendant the sum of $3,141.50 and delivered to this defendant the manufacturer's certificate and a chattel mortgage of the 1956 DeSoto automobile" described in plaintiff's petition; and "that at all times thereafter until said certificate was delivered following a settlement argeement with plaintiff's husband, defendant retained said manufacturer's certificate of origin and said chattel mortgage as security for said loan."

Defendant admits that on March 18, 1956, it commenced an action in replevin against Merrill Scheanwald, and that he was represented by counsel; and alleges that plaintiff was fully apprised of the source of defendant's claim to the automobile, that with such knowledge Scheanwald entered into an agreement with the defendant by the terms of which Scheanwald paid defendant the amount of the loan for which defendant held a lien on the automobile, that the automobile and title certificate were delivered to Scheanwald, and that the action in replevin was thereupon dismissed.

Defendant alleges further that such settlement agreement and performance constituted an accord and satisfaction; that plaintiff made claim with the receiver of the Hollington Equipment Company for the loss she had sustained and received the payment of a substantial dividend from such receiver, which acceptance constituted a binding election of remedies, as a result of which plaintiff's claim is barred; and that plaintiff is estopped and barred from asserting the claim set out in her petition.

Plaintiff's reply to the answer of the defendant is as follows:

"1. Now comes the plaintiff and for her reply to the answer of the defendant denies each and every allegation of the defendant's answer not hereinafter specifically admitted to be true.

"2. Further replying plaintiff, for lack of knowledge denies paragraph three of defendant's answer but says that if a chattel mortgage was given by Richard P. Hollington or the Hollington Equipment Company to the defendant as alleged in defendant's answer that the said chattel mortgage and delivery of manufacturers certificate was given and/or made after January 16, 1956, which is the date the Hollington Equipment Company delivered the automobile to the plaintiff.

"3. For further reply plaintiff admits that Merrill Scheanwald is the husband of the plaintiff and on the 18th day of March, 1956, acting on behalf of the plaintiff he did pay over to the defendant the sum of $3,141.50 but says that said money was paid in reliance upon the sworn statement of the defendant that it was the owner of said automobile, which sworn statement was not discovered by the plaintiff until after February 21, 1958."

Plaintiff has filed a bill of exceptions containing stipulations and statements by counsel and the trial court. It was stipulated by counsel that Merrill Scheanwald, the husband of plaintiff, was acting as the agent of plaintiff, and that "plaintiffs are in effect Mr. and Mrs. Scheanwald."

It was stipulated also that plaintiff had received a dividend from the receiver of the Hollington Equipment Company in the sum of $1,009.62, and that the claim of plaintiff should be $2,131.88, plus $94.25 sales tax, instead of $3,141.50 as claimed due by the prayer of plaintiff's petition.

The opening statement of counsel for plaintiff consisted of a detailed account of the sale of the automobile by the Hollington company to the plaintiff and stated that "the title to the new car was not given to Mr. Scheanwald at that time but the representation was made by Hollington that the same would be mailed in a few days. Now of course, the title was never delivered." Counsel stated that plaintiff contacted Hollington several times and also contacted the bank in an effort to get the title, but to no avail.

By order of the trial court and upon the consent of counsel for plaintiff, the petition, affidavit in replevin and journal entry of dismissal in cause No. 181281 were made a part of the bill of exceptions filed in this appeal.

The petition in the replevin action which the defendant instituted to secure possession of the automobile contains the allegation "that it (the defendant herein) is the owner of and entitled to the immediate possession of the following described vehicle." Following which statement is a detailed description of the 1956 DeSoto automobile.

The affidavit in replevin sworn to by the attorney for the defendant, in the replevin action, also includes the unqualified statement "that plaintiff corporation is the owner of said automobile." The journal entry dismissing the replevin action is as follows:

"The above numbered cause of action is hereby dismissed at the plaintiff's request and costs. No final record."

We quote from the journal entry approved by the trial court in the case now before us:

"It appearing to the court upon the pleadings, the trial briefs of counsel, the stipulations of counsel at the commencement of the trial, and the opening statements of counsel that there is no substantial issue of fact between the parties and that in consequence of the settlement and dismissal of cause No. 181281 in this court, the subsequent presentation and proof of claim by plaintiff to the receiver of the Hollington Equipment Company, and the acceptance of liquidating distributions from said receiver by plaintiff, there was an accord and satisfaction of all claims between plaintiff and defendant herein, and an election by plaintiff to pursue a remedy inconsistent with her cause of action against defendant herein, with the result that on both of said grounds plaintiff's cause of action herein is barred as a matter of law."

We reach the definite conclusion that the record before us does not show an accord and satisfaction as to the issues involved in this action. We do not determine that defendant would be unable to show by evidence that the parties did reach an accord and satisfaction.

It is significant in our view that the journal entry dismiss-

ing the replevin action does not recite that a settlement or accord had been reached between the parties.

We quote a part of the statement of counsel for the defendant as set out in the bill of exceptions:

"* * * and the evidence will show that thereafter notices to all creditors were sent out and Scheanwalds received such notice, that they appeared in Bryan, Ohio, with counsel and attended creditors meetings and hearings on allowance of claims, and that at that time there was on file with the receiver in Bryan, Ohio, the mortgage in this case together with other security instruments which Economy had in similar cases open and available for inspection; that in fact the nature of Economy's claim was discussed with the Scheanwalds and with their attorney, Mr. Nicholas; that when the replevin action was filed Mr. Nicholas entered an appearance for the defendants and they took leave to plead; that Mr. Nicholas participated in the settlement discussions; that Mr. Nicholas approved the journal entry which dismissed the lawsuit and that there is no possibility that these people did not understand that the certificate of title, the manufacturer's certificate of origin was in fact in Richard Hollington's name but in Economy's possession and that Economy's claim constituted a lien claim.

"As a matter of fact, in the settlement discussions the amount which Scheanwalds were required to and did agree to pay was the mortgage balance which Hollington owed. They simply took over and paid his mortgage.

"The Court: On this particular car?

"Mr. Eastman: Yes, and when the manufacturer's certificate was delivered to them by Economy it was transferring this car from the name of Richard P. Hollington to the Scheanwalds, and there could be no doubt as to where this title had laid and the extent and nature of the Scheanwalds' interest."

We refer again to the following allegations contained in defendant's answer:

"Defendant says that prior to March 18, 1956, Richard P. Hollington, d/b/a Hollington Equipment Company of West Unity, Ohio, borrowed from this defendant the sum of three thousand one hundred forty-one and 50/100 dollars and delivered to this defendant the manufacturer's certificate for and a

chattel mortgage of the 1956 DeSoto automobile, serial No. 50379071; that at all times thereafter until said certificate was delivered following a settlement agreement with plaintiff's husband as hereinafter set forth, defendant retained said manufacturer's certificate of origin and said chattel mortgage as security for said loan.''

We note that the answer does not state the date when Hollington borrowed the money referred to, nor when the manufacturer's certificate and chattel mortgage were delivered to the defendant by Hollington.

Neither the pleadings nor the record discloses how or at what time the manufacturer's certificate came into the possession of Hollington.

The record does not disclose how or when Hollington acquired the DeSoto automobile, and the record does not show by evidence or otherwise how or when the defendant became the holder of the manufacturer's certificate and the chattel mortgage.

It is our view that the plaintiff was entitled to offer evidence relevant to and in support of the allegations contained in her petition, to the effect that defendant pretended and represented falsely that it was the owner of the DeSoto automobile.

It is contended by counsel that plaintiff knew that defendant held a manufacturer's certificate and chattel mortgage, and that defendant was not the owner of the automobile when the payment was made to the defendant and the replevin action was dismissed.

We do not find evidence or admissions on the part of the plaintiff which would establish that contention.

If an agreement of settlement was reached between the parties, which amounted to an accord and satisfaction, there is no evidence in the record to show the terms of the settlement, nor is there evidence that an accord and satisfaction was reached between the parties.

We conclude that plaintiff was entitled to offer evidence in support of the allegations contained in the petition that defendant induced plaintiff to make payment by the false pretense that the defendant was the owner of the DeSoto automobile.

We also reach the conclusion that if there was a settlement

and an accord and satisfaction between the parties, it is incumbent upon the defendant to show by evidence that there was such a settlement agreement, and that there was, in fact, such an accord and satisfaction between the parties.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and the cause is remanded for trial or other proceedings according to law.

*Judgment reversed.*

Fess and Smith, JJ., concur.